## Amos Sprowls, Plff. in Err., v. W. E. McCloud.

In an action on a note, given for part of the purchase money of land, when defendant set up that the note was procured by fraud and false representations as to the value and quality of the land, evidence offered by defendant of representations that the purchase money was secured by a mortgage and the note was given as a mere matter of convenience, and that defendant had not received possession or deed of the land, excluded as incompetent under the circumstances, and as not alleged in his bill of particulars and notice of special matter, and on the ground that defendant had examined the land before purchase.

(Decided November 1, 1886.)

Argued October 18, 1886, before GORDON, TRUNKEY, STERRETT, and GREEN, JJ. October Term, 1886, No. 34, W. D. Error to the Common Pleas of Washington County to review a judgment on a verdict directed for plaintiff, in an action of assumpsit on a promissory note. Affirmed

May 12, 1883, Amos Sprowls, of Claysville, Washington county, Pennsylvania, entered into a written contract with W. E. McCloud, of York county, Nebraska, for the purchase of 320 acres of land, situate in the last named county and state, stipulating to pay therefor $35 per acre. Of the purchase money,

NOTE.—To recover in an action of deceit, or to set up false representations as a defense, it is necessary that the party defrauded has relied on such false statements, and was himself ignorant of the real facts. Davis v. Hawkins, 163 Pa. 228, 29 Atl. 746. If he investigated, and acted on his own opinion, no recovery can be had (Wilson v. Talheimer, 20 Pa. Co. Ct. 203); or if he knew the party making the representation was mistaken (Craft v. Phillips, 4 Pennp. 45).

See also editorial note to Fargo Gaslight & Coke Co. v. Fargo Gas & Electric Co. 37 L. R. A. 593, containing a full presentation of the authorities on the right to rely upon representations made to effect contract. As to expression of opinion as constituting fraud, see the full presentation of the authorities in editorial note to Hedin v. Minneapolis Medical & Surgical Inst. 35 L. R. A. 417, and to Fargo Gaslight & Coke Co. v. Fargo Gas & Electric Co. 37 L. R. A. 604.

$350 was paid in hand, and a mortgage was given for the remainder, payable in two instalments, as follows: $1,150, June 12, 1883, and the balance March 1, 1884.

The following note was given as collateral security for the instalment due June 12, 1883:

"York, Neb., May 12, 1883.

"Thirty days after date, for value received, I promise to pay to the order of W. E. McCloud Eleven Hundred & Fifty Dollars, at York, Nebraska, with interest at ten per cent per annum from Mature until paid, together with a sum equal to ten per cent of said amount as attorney's fees, if action is brought on this note, or on the mortgage given to secure the same.

"$1,150.00.                          Amos Sprowls."

It was stipulated among other things in the contract for the purchase of the land that possession was to be given Sprowls March 1, 1884.

Before the maturity of the note Sprowls notified McCloud that he would not pay it, nor would he comply with the terms of the aforesaid contract. This notice was repeated after the maturity of said note and before suit was brought thereon.

July 20, 1883, McCloud commenced this action against Sprowls to recover the amount of such note. Defendant filed an affidavit of defense claiming that the note was without consideration; that the signature thereto was procured by fraud and false representations of the plaintiff. February 26, 1884, plaintiff entered a rule upon defendant for a bill of particulars and specification of special matters; whereupon defendant filed the following bill of particulars:

Under the pleas of "non assumpsit" and "payment with leave," the defendant intends to give in evidence on the trial of the above case the following matters, *viz.:*

First. Defendant will offer evidence showing that his signature to the note, upon which suit is brought, was procured by fraud, said fraud consisting in gross misrepresentations, by plaintiff and his agents, respecting the quality and value of a certain tract of land, situate in York county, Nebraska, containing 320 acres, more or less, for the purchase of which the defendant was induced by the plaintiff and his agents to enter into articles of agreement, on or about the time said note bears date.

The price of said land named in said agreement was $35 per acre; $350 was paid in hand by defendant and the remainder of the purchase money was secured by mortgage. The first payment under said mortgage was due June 12, 1883, and was for the sum of $1,150, for default in payment of which this suit was brought. The note in controversy was given as collateral security for said payment, and was the only collateral security given.

Second. Defendant will offer evidence showing that it was solely on account of such false representations of the plaintiff and his agents that he was induced to enter into a contract for the purchase of said land.

Third. Defendant will offer evidence showing that at the time the above suit was brought, no such assumption, promise, or undertaking existed as is set forth in plaintiff's affidavit of claim, for the reason that defendant notified said plaintiff immediately on the discovery of said fraud, before the maturity of said note and before possession, under said article of agreement, was to be given, that he, defendant, would not be bound by said contract. Further, said notice has been repeated since the maturity of said note.

Fourth. Defendant will offer evidence showing that plaintiff remains in possession of the land named in said article of agreement, although required by said agreement to surrender possession thereof on March 1, 1884.

All of which matters defendant expects to be able to prove on the trial of said cause.

At the trial in the court below before HART, J., the defendant offered to prove that the note in question was given on account of false representations of the plaintiff in this case; such representations being in relation to a certain mortgage given by the defendant to secure the purchase money for land in York county, Nebraska. The representations were that the whole of the purchase money for this land was entirely secured by this mortgage, and that the note given was a mere matter of convenience. And, further, that the land in York county, Nebraska, has never been in the possession or control of the defendant, and that the purchase money secured by this mortgage is not due until possession of the farm be given by the plaintiff to the defendant; and, further, that plaintiff has never

offered defendant possession, nor executed nor tendered him a deed therefor.

Objected to: 1. Because it is incompetent and irrelevant. 2. Because no notice of such defense has been given in defendant's bill of particulars and notice of special matter.

Objection sustained. First assignment of error.

Defendant appended as a part of the foregoing offer a notice, theretofore given, requiring the plaintiff to produce at the trial the article of agreement entered into on or about May 12, 1883, between plaintiff and defendant for the sale to defendant of the land, "and also the deed, assignment, or conveyance of said land, alleged to have been prepared and executed by plaintiff, on or about the date named above, for defendant's acceptance; all of which instruments named above are in the possession or power of the plaintiff and are pertinent and material to the defendant in the trial of above described case," with the acceptance of notice by the plaintiff's attorney, together with the bill of particulars; and offered, on failure of the plaintiff to produce the papers called for, to prove the contents of the papers, to show that the representations of the plaintiff in obtaining this note were false.

Objected to: 1. Because it is incompetent and irrelevant. 2. For the reason that it is not shown that these papers which plaintiff is notified to produce are either in his possession or under his control.

Objection sustained. Second assignment of error.

Defendant offered to show by evidence that the papers are in the possession of the plaintiff; and that these papers go to show the fraudulency of the note in question.

Objected to: 1. It is incompetent and irrelevant. 2. Because it does not state how the fraud is shown by the papers. 3. Because no notice is given of such defense by the bill of particulars.

Objection sustained. Third assignment of error.

Defendant offered to prove that he was induced to sign this note by the false representations of the plaintiff as to the value and quality of the lands for a part of the purchase money of which the note was given as collateral security.

Objected to: 1. Because it is incompetent and irrelevant. 2. Because the defendant does not specify what facts, statements, or representations were made, on which he relies to estab-

lish the said fraud.   3. Because the defendant having examined the land before his purchase, proof of representations of quality or value, even if untrue, furnish no ground of defense.   4. Because no sufficient notice of such defense is given by defendant's bill of particulars.

Objection sustained.   Fourth assignment of error.

Defendant offered to prove that possession of said farm was never given by the plaintiff to the defendant, but it has been in the entire possession and control of the plaintiff, although possession should have been given to the defendant on the first of March, 1884, under the article of agreement; that he has planted crops on said farm and continued in possession as if he had never sold it, and appropriated the rents and proceeds,—for the purpose of showing that the plaintiff consented to a rescission of the contract under which this note was procured.

Objected to:   1. It is incompetent and irrelevant.   2. For the reason that the defendant has not yet laid the ground for the introduction of secondary evidence.   3. He has not proved, nor does he offer to prove, that he was entitled to possession at the time stated.   4. He has not proved, nor offered to prove, that possession was denied him by the plaintiff, or that he ever demanded possession of the plaintiff.   5. That no notice of such defense is given in the defendant's bill of particulars.

Objection sustained.   Fifth assignment of error.

Defendant offered to prove by the witness that the note in question was given for (a portion of) the purchase money of a certain farm in Nebraska; to be followed by evidence showing that the plaintiff has enjoyed the rents and profits of the farm,—in order to set off the profits of the farm, and the rents, for the time it has been in the control of the plaintiff, as against the sum claimed by this note.

Objected to:   1. Because it is incompetent and irrelevant. 2. Because no notice has been given of any such claim in defendant's bill of particulars, nor under his plea in the notice of special matter.   3. Because there is no offer to show when the defendant was entitled to possession of the land.

Objection sustained.   Sixth assignment of error.

Defendant offered to prove an article of agreement relating to the purchase of said farm, proof of the contents of the article of agreement, and the contents of a certain mortgage named in the note in question, and that possession of said farm was to be given

on the first of March, 1884,—for the purpose of showing the want of consideration in the note; to be followed by evidence that such possession was never given, and such deed was never made, and that the mortgage was the sole security for the purchase money, with the exception of this note, which was collateral for a part thereof, and that this note was procured by false representations of the plaintiff in relation to this mortgage.

Objected to: 1. As incompetent and irrelevant. 2. Because no notice is given of such defense. 3. The offer does not specify the representations of fraud relied upon.

Objection sustained. Seventh assignment of error.

The court, HART, J., charged the jury as follows:

"As the case now stands there is nothing in evidence before you, except the defendant's note, which is the note in suit, dated on the 12th day of May, 1883, at thirty days, for $1,150, calling for interest from maturity at the rate of 10 per cent. You have also in evidence the statute of Nebraska where this note was executed, which allows interest to be stipulated for at as high a rate as 10 per cent, if the parties so agree, which the defendant has agreed to by the terms of this note.

"We are asked by the defendant to charge you as follows:

"[First. As the instrument on which suit was brought in this case shows a mortgage was given to secure the same sum of money, and the plaintiff has failed to show that the property mortgaged or pledged has been exhausted, or that any sum thereon remains unpaid, he cannot recover.

"Second. Said instrument being non-negotiable, the burden is upon the plaintiff to prove the promise and consideration; which he having failed to do, the verdict of the jury must be for the defendant.

"The instructions prayed for in both these points are refused, and we say to you on the evidence all you can do is to return a verdict for the plaintiff for the amount of this note, calculated at the rate of 10 per cent interest thereon from the date of its maturity.]"

Verdict was rendered for plaintiff, and defendant took this writ, assigning errors as above noted and also the portion of the charge of the court enclosed in brackets.

*Birch & Sprowls,* for plaintiff in error.—Providing as this note does for attorney's fees, and being conditional, that is, not to be paid unless default is made in payment of mortgage securing the same sum of money, it is not negotiable paper, nor to be considered with the same favor.     Johnston v. Speer, 92 Pa. 227, 37 Am. Rep. 675; Woods v. North, 84 Pa. 407, 24 Am. Rep. 201.

Defendant was by way of answer entitled to show the specific purpose for which it was given, or, in the words of the first offer, whether it was taken "as a mere matter of convenience." Carpenter v. National Bank, 106 Pa. 170.

In contemplation of law all papers relating to the sale of the real estate in question are presumed to be in plaintiff's possession, even though they have been placed in escrow.     3 Washb. Real Prop. 4th ed. pp. 301-3.

. The object of a notice of the kind in hand is to give an adverse party specific and distinct notice that evidence of the character therein called for may be expected to be introduced at the trial of the case, and thus enable him to meet the same.     Thomas v. Hodgson, 4 Whart. 492; Milliken v. Barr, 7 Pa. 23.

As the presumption that said papers are in the possession of the plaintiff was not rebutted, the court would have been justified in considering his neglect to produce them as evidence of unfair dealing and an unjustifiable suppression of important testimony.     1 Brightly's Troubat & H. P. § 652; Fowler v. Sergeant, 1 Grant, Cas. 355.

It was error to refuse to permit secondary evidence of the contents of the papers.     M'Kellip v. M'Ilhenny, 4 Watts, 318, 28 Am. Dec. 711; Wingate v. Mechanics' Bank, 10 Pa. 104; West Branch Ins. Co. v. Helfenstein, 40 Pa. 289, 80 Am. Dec. 573.

The court erred in not permitting the defendant to show that he was induced to sign the note in controversy by false representations, made by the plaintiff, respecting the quality and value of the tract of land heretofore described.     The offer in relation thereto is expressed in almost the identical language of defendant's bill of particulars; consequently, the objection that the defendant gave the plaintiff no notice of this matter of defense is groundless.     Bower v. Fenn, 90 Pa. 359, 35 Am. Rep. 662; Fisher v. Worrall, 5 Watts & S. 478.

Acquiescence in the rescission of a written contract need not be

made in the same formal and solemn manner in which it was entered into, but an intention to do so may be inferred from the actions and conduct of the party to be affected thereby.    2 Parsons, Contr. 6th ed. p. 678, note v.

This should have been submitted to the jury, and had it found from all the circumstances that said contract had been abandoned, the instrument upon which suit was brought would then have been without consideration and void.    Wotring v. Shoemaker, 102 Pa. 496.

Continuing in possession of said land and not giving the same up March 1, 1884, added to the fact that, had the contract for the purchase of said land been produced, it would have appeared that payment of the money in dispute and execution of deed of said land for defendant's acceptance were dependent acts, also place plaintiff's recovery in this case out of the question.    Fisher v. Worrall, 5 Watts & Serg. 478; Cassell v. Cooke, 8 Serg. & R. 268, 11 Am. Dec. 610.

Now the plaintiff cannot retain said land and still recover the purchase money.    3 Parsons, Contr. 6th ed. p. 232, note b.

Treating the property as his own, he acquiesced in the determination of the vendee to rescind the contract, so far as to preclude him from demanding the specific execution of it, and elected to rest on the covenant or penalty for damages.    Huber v. Burke, 11 Serg. & R. 246.

*John H. Murdoch* and *J. W. & A. Donnan,* for defendant in error.—A false statement, even on a material point, will not overthrow the contract where the means of knowledge are equally accessible to both parties; and if the purchaser, in such a case, does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the vendor's misrepresentations.    Slaughter v. Gerson, 13 Wall. 379, 20 L. ed. 627.

No action lies for mere assertions as to the quality, quantity, or condition of land, or its adaptability to particular uses, which are considered as only matters of opinion or estimate, as to which men may differ.    To such representations the maxim *Caveat emptor* applies; every person reposes at his peril in the opinion of others, when he has equal opportunity to form and exercise his own judgment.    *Simplex commendatio non obligat.* 2 Kent, Com. 485; 1 Story, Eq. §§ 197, 200 200a; Phipps v.

Buckman, 30 Pa. 401; Clark v. Everhart, 63 Pa. 350; Gordon v. Parmelee, 2 Allen, 212; Mooney v. Miller, 102 Mass. 217; Parker v. Moulton, 114 Mass. 99, 19 Am. Rep. 315; Holbrook v. Connor, 60 Maine, 578, 11 Am. Rep. 212; Manning v. Albee, 11 Allen, 522; Cooper v. Lovering, 106 Mass. 79; Ellis v. Andrews, 56 N. Y. 83, 15 Am. Rep. 379, note, p. 382.

If the purchaser has been fraudulently prevented from making an examination, this additional ground of action must be specifically set forth in the declaration, and cannot be charged in general terms only.   Parker v. Moulton, 114 Mass. 99, 19 Am. Rep. 315; Gordon v. Parmelee, 2 Allen, 212; Brown v. Castles, 11 Cush. 348; Veasey v. Doton, 3 Allen, 380.

If the evidence offered to prove the false representations had been competent, it was still inadmissible, as presented in the offers, for the reason that the defendant did not specify, when called upon, what facts, statements or representations had been made by the plaintiff on which he relied to establish the fraud. Com. use of Mishey v. Brenneman, 1 Rawle, 311; Smull v. Jones, 6 Watts & S. 122, 125; Piper v. White, 56 Pa. 90.

The evidence was further inadmissible for the reason that no sufficient notice had been given, either by the plea or bill of particulars furnished, of the nature and character of the representations made by the plaintiff.   Gilpin v. Howell, 5 Pa. 53, 45 Am. Dec. 720; Hale v. Fenn, 3 Watts & S. 361; Orphans' Court use of Groff v. Groff, 14 Serg. & R. 184; Thomas v. Mann, 28 Pa. 520; Moatz v. Knox, 11 Pa. 270.

An agreement that the vendor was to look alone to the land sold as security for the purchase money, would not have constituted a defense to the suit upon the note.   Irwin v. Shoemaker, 8 Watts & S. 75.

Even if a part of an offer is admissible, the coupling of it with an offer of evidence clearly incompetent and inadmissible, justifies the court in rejecting the offer as a whole.   Sennett v. Johnson, 9 Pa. 335; Wharton v. Douglass, 76 Pa. 273; Kern v. People's Freight R. Co. 2 W. N. C. 718.

"If the money is to be paid in instalments, some before a thing is to be done, and some when it is done, the doing of the thing is not a condition precedent to the former payments, but is to the latter.   And if there is a day for the payment of the money, and this comes before the day fixed for the doing of the thing, or before the time when the thing, from its nature, can be

performed, then the payment is at all events obligatory, and an action may be brought for it independently of the act to be done." 2 Parsons, Contr. 677. See also Wright v. Smyth, 4 Watts & S. 534; Lippincott v. Low, 68 Pa. 314; Edgar v. Boies, 11 Serg. & R. 445; Fame Ins. Co.'s Appeal, 83 Pa. 411, 412; Obermyer v. Nichols, 6 Binn. 159, 6 Am. Dec. 439.

The payment of the $1,150 was to precede the delivery of possession, and is to be regarded as an independent covenant. Stitzel v. Kopp, 9 Watts & S. 29; Hubbard v. Wheeler, 17 Pa. 425.

And even if the plaintiff had refused to deliver possession on March 1, 1884, this would be a breach of an independent contract and damages resulting therefrom would be only admissible under a proper plea with notice. Wright v. Smyth, 4 Watts & S. 534.

A set-off is in substance a cross action, and a cross demand must be complete when the action was instituted. Pennell v. Grubb, 13 Pa. 552; Huling v. Hugg, 1 Watts & S. 418; Morrison v. Moreland, 15 Serg. & R. 61.

PER CURIAM:
We have carefully examined this case, and can discover no error in the rulings and charge of the court below.

The judgment is affirmed.